IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CALVIN WOLFE,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　) Civil Action No. 08-192J
MICHAEL J. ASTRUE,　　　　　　 )
COMMISSIONER OF　　　　　　　　)
SOCIAL SECURITY,　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　)

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 16th day of June, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry
※AO 72
(Rev. 8/82)

differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for DIB on April 17, 2006, alleging disability as of November 22, 2005, due to corneal dystrophy, hearing loss and left arm pain. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on July 19, 2007, at which plaintiff appeared represented by counsel. On September 12, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 55 years old at the time of his alleged onset date is classified as a person of advanced age under the regulations. 20 C.F.R. §404.1563(e). Plaintiff has a high school education. He has past relevant work as a truck driver, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of corneal dystrophy with dark vision in the left eye and limited vision in the right eye, bilateral hearing loss and left arm tendinitis. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of medium work with a number of limitations. Plaintiff must avoid climbing ramps, stairs, ladders, ropes and scaffolds, and he is precluded from work that involves exposure to dangerous machinery and unprotected heights. In addition, he is limited to work that does not require far visual acuity and that does not involve operating a motor vehicle (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, and residual functional capacity enable him to make a vocational adjustment to work that exists in significant numbers in the national economy, such as a custodian-third shift floor buffer, laundry laborer or washer-plastics. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in

significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); <u>Farqnoli</u>, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) she incorrectly assessed plaintiff's residual functional capacity; (2) she did not properly evaluate plaintiff's credibility; and (3) the hypothetical question to the vocational expert was defective. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ incorrectly assessed his residual functional capacity. Contrary to plaintiff's assertion, the ALJ correctly concluded that plaintiff has the residual functional capacity to perform a range of medium work with the additional restrictions set forth in the RFC Finding.

First, although plaintiff's vision limitations precluded him from driving a truck as he had in the past, his vision was not so limited as to prohibit him from all work activity. (R. 150, 155, 162, 164-65, 174). As a result of plaintiff's vision limitations established by the evidence of record, the ALJ restricted him to

AO 72
(Rev. 8/82)

work that does not require far visual acuity or require him to operate a motor vehicle and that does not involve climbing ramps, stairs, ladders, ropes and scaffolds, or exposure to dangerous machinery and unprotected heights.

Regarding plaintiff's hearing impairment, an audiogram taken in June 2007 showed that plaintiff had bilateral high frequency hearing loss, but the same test showed that he had excellent word recognition bilaterally without hearing aids. (R. 206). The audiologist recommended that plaintiff get hearing aids, but did not say that he needed to do so right away. (R. 31, 206). The ALJ recognized plaintiff's hearing impairment, but properly noted that it could be improved with hearing aids. (R. 17).

Finally, there was little evidence in the record concerning plaintiff's arm pain. Dr. Sime Suler diagnosed plaintiff with left elbow epicondylitis. (R. 184). However, other than tenderness, Dr. Suler's examination of plaintiff's left elbow was normal. (R. 183). Dr. Suler recommended only that plaintiff take Advil and use a splint and ice. (R. 42, 184). Dr. Suler did not refer plaintiff for x-rays, therapy or further evaluation, and she did not state that plaintiff has any limitations because of elbow pain. (R. 42, 184). Quite simply, the medical evidence does not indicate that plaintiff experienced any functional limitations as a result of his left elbow epicondylitis, thus the ALJ was not required to make any accommodations in the RFC Finding for plaintiff's arm problem.

In sum, the ALJ's RFC Finding accommodated all of plaintiff's

functional limitations that were established by the evidence. The court therefore finds that substantial evidence supports the ALJ's determination that plaintiff can perform a range medium work with the additional restrictions contained in the RFC Finding.

Plaintiff next contends that the ALJ did not properly evaluate his credibility concerning his claimed limitations and subjective complaints. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

Here, the ALJ properly evaluated plaintiff's credibility concerning his subjective complaints. The ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the objective medical evidence, plaintiff's activities of daily living, plaintiff's treatment history and the fact that he does not take any prescription medications for his conditions, plaintiff's own statements about his symptoms and reports by his physicians about his symptoms and how they affect him. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. The ALJ also considered the extent to which plaintiff's subjective complaints reasonably could be accepted as consistent with the evidence of record and how his claimed limitations affect his ability to work. 20 C.F.R.

AO 72
(Rev. 8/82)

§404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability, and found that plaintiff's testimony regarding his limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 17-18), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert was defective because it did not include all of his limitations. Plaintiff specifically contends that the ALJ's hypothetical should have included a limitation that he suffers from severe blurred vision, that he can only see clearly for one minute at a time, and that he needs a magnifying glass to read. This argument essentially repeats plaintiff's dispute with the ALJ's RFC Finding, which, as stated above, the court finds is supported by substantial evidence.

An ALJ's hypothetical question to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the ALJ's hypothetical accounted for plaintiff's vision limitations that were supported by the evidence of record by limiting plaintiff to work that does not require far visual acuity or require him to use a motor vehicle, and that does not involve climbing ramps, stairs, ladders, ropes and scaffolds, or exposure to dangerous machinery and unprotected heights. In response to the ALJ's hypothetical

AO 72
(Rev. 8/82)

with these limitations, the vocational expert testified that plaintiff can perform work as a custodian-third shift floor buffer, laundry laborer or washer-plastics. The vocational expert further testified that no reading is required to perform these jobs. (R. 56).

After reviewing the record, the court concludes that the ALJ's hypothetical question accurately conveyed all of plaintiff's established vision limitations. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
131 Market Street
Suite 200
Johnstown, PA 15901

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901

AO 72
(Rev. 8/82)
- 9 -